WRIGHT, J.
There is no averment in the declaration to admit this proof or give notice to the defendant, and it htust be rejected.
The plaintiff having rested, the defendant offered to read some depositions taken by the plaintiff and put on file.
WRIGHT, J. Depositions taken and filed by either party, are evidence for the adverse party, though not read by the party taking them, if they contain matter competent for him to introduce, in the same way they would have been evidence if taken by himself.
Witnesses were then called to testify to thé character of the witness for the plaintiff, and various questions were asked.
WRIGHT, J. It has been repeatedly decided by this court, that the proper questions to ask on such examinations, are,
1. Have you the means of knowing the general character Of (the witness) for truth ?
If the answer be in the negative, you can ask no further; but if the answer be affirmative, you may ask one Or the other of the following questions;
2. From yottr knowledge of his character would you believe him under oath ? or,
Is his character for truth as good as that of men in general ?
On cross-examination, you may inquire into the witnesses’ means of knowing the character.
Mason objected.
M. Corwin and D. S. Sell for the plaintiff, and
Hamilton arid Mason for the defendant.
*It is the character, the conduct and habits of the witness [653 which it is sought to learii, not his reputation alone, or what the world says of him. His character may be well known to the witness as infamous, such as to render him unworthy of belief, and yet the knowledge of it may not have gone abroad so as to affect his reputation. Suppose I have raised a child — and know him to be a thief and a liar, unworthy of belief on oath, but the knowledge of his character has not gone abroad ? it is obvious, that it is my knowledge which discredits the witness and which should go to the jury. A good reputation may be offered to sustain the character, as one means of refuting the impeaching evidence, for without a good character, it must be supposed difficult to acquire a reputation for one.
The defendant then'offered evidence to show that these charges were in general circulation before the defendant spoke them, and that they were true.
.WRIGHT, J, You may prove in mitigation of damages, if you can, that the plaintiff was generally suspected of the matters charged before the defendant spoke of them. You cannot prove the truth of the words under this issue. The case in (3 O. 270) does not go the length supposed. Ill that case the party was allowed to prove circumstances of suspicion not amounting to proof Of the truth of the facts charged; circumstances which induced the party to believe the charge true, though false, to mitigate the damages. And that is the law and the reason of the thing; for that man who speaks of a transaction believing it triié, is not influenced by the same malice, with him who, without excuse, invents and circulates slander with the sole purpose of doing harm. That case is not very well reported and is made the subject of frequent .criticism at the bar. Properly understood, we think the principle decided good law.
The case was argued to the jury by
WRIGHT, J. charged the jury, amongst other things, upon the following matters to which his attention was called by counsel.
It is objected that the plaintiff cannot recover, because there is *676 no averment or proof that she was keeping school at the time the words were spoken, and because the words are not proven precisely as laid in the declaration. Words which are not actionable of themselves, must be introduced upon the record by what is called an inducement or averment, which must be proven ; words which are 654] ^actionable of themselves need no such inducement. This declaration contains two classes of words. Those which affect the plaintiff as a school-mistress only; as that she is a nasty, dirty slut —and those which accuse her of want of chastity. The first are not actionable without an inducement, and if you find a verdict on those words alone, you must have evidence that the plaintiff was a school-teacher, and made that her business at the time of the slander, because the right to recover depends upon the tendency of the charge to injure her in her business. The second class are, in this state, held actionable of themselves, as imputing to a woman want of chastity. If words of that kind are proven, they will warrant a verdict without proof of the plaintiff being a school-mistress. As to such words you may regard the allegation about the business-of the plaintiff as a nullity — they will not affect the rights of the parties.
Hamilton moved in arrest of judgment.
As to requiring proof of the words precisely as laid — that is not-necessary. The plaintiff must prove to you the uttering of words substantially like those declared upon conveying the same charge —nothing more is required.
If the words are proven, the attempt to impeach the character of the plaintiff, if it has failed, aggravates the offence, and entitles the plaintiff to exemplary damages.
The judge explained the nature of damages, &c.
Yerdict for the plaintiff, damages $130.
WRIGHT, J. The only question is, do the words laid, impute lewdness or want of chastity to the plaintiff? we think they do. Judgment for plaintiff.
[That an impeaching witness may give his own opinion without reference to general reputation for truth, overruled; Bucklin v. State, 20 O. 18, 25; French v. Millard, 2 O. S. 44, 50.]